**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TERRENCE HAZEL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-09-CA-159-SS** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,**[1] | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1); Petitioner's Memorandum in Support thereof (Document 2); Respondent's

Answer (Document 12); Petitioner's Response thereto (Document 13); Respondent's Supplemental

Answer (Document 17); Respondent's Corrected Affidavit (Document 20); Petitioner's

Supplemental Traverse/Reply (Document 21); and Petitioner's Advisory and Request for Hearing

or Court Inquiry (Document 28). Petitioner, proceeding pro se, has paid the filing fee for his

---

[1]The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party. Petitioner also named Rissie Owens as a respondent. However, Thaler is the proper respondent in this action.

application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, Petitioner was convicted in Travis County, Texas of two counts of possession of a controlled substance, two counts of burglary of a habitation, and one count of theft over $750.  Petitioner received five 30-year concurrent sentences on August 20, 1990.  On May 24, 2004, Petitioner was released on mandatory supervision.  Petitioner's mandatory supervision was subsequently revoked, because he committed an additional offense of possession of a controlled substance for which he was sentenced to five years in prison on April 4, 2005.

Petitioner does not challenge his holding convictions or the revocation of his mandatory supervision.  Rather, he challenges the Board of Pardons and Paroles' decisions to deny him parole.  On December 14, 2005, Petitioner was notified that the Board decided not to grant parole and set his next review date for December 2006.  On July 2, 2007, Petitioner was notified that the Board decided not to grant parole and set his next review date for June 2008.  On June 18, 2008, Petitioner was again notified that the Board decided not to grant parole and set his next review date for June 2009.

**B.      Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The Parole Board is providing notice of parole denials that do not comply with Texas Government Code Section 508.144;

2.      The reasons for the Parole Board's denial cited in his June 18, 2008 notice are inaccurate and contain statements which Petitioner's parole and prison files will not substantiate;

3. The Parole Board is using Petitioner's litigation history to influence their decision on his release;

4. The Parole Board is repeatedly using reasons 1D, 5D and 3D, factors beyond Petitioner's ability to control, to deny him parole;

5. Petitioner should be considered a "technical violator" now that his five-year sentence has expired and should be placed in a technical violator facility instead of a maximum security facility;[2] and

6. The Parole Board denies inmates a meaningful opportunity to be heard before denying release to parole.

## C.  Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application with respect to Petitioner's 2008 parole review. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

Respondent asserts Petitioner has not exhausted his state court remedies regarding the claims brought in this application with respect to Petitioner's 2005 and 2007 parole reviews. Respondent argues Petitioner's challenges to the 2005 and 2007 parole reviews are procedurally barred. In addition, they argue they are time-barred.

## D.  Request for Hearing or Court Inquiry

Petitioner notifies the Court that he has been transferred to a Texas Youth Commission Facility that has never been retrofitted or converted to an adult institution. According to Petitioner, the facility has been designated as a "geriatric unit." Petitioner complains of the conditions of his confinement. He requests a hearing or a court inquiry.

---

[2] Contrary to Petitioner's argument, the service of Petitioner's five-year sentence does not negate his conviction and render him a "technical violator."

3

Petitioner's request should be denied.  The conditions of Petitioner's confinement are not relevant to his instant application for habeas corpus relief.  If Petitioner wishes to challenge the conditions of his confinement, he may do so in a civil rights complaint, filed in a court with proper venue, after he has exhausted his administrative remedies and complied with the filing fee provisions of the Prison Litigation Reform Act.

## DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

To the extent Petitioner challenges the 2005 and 2007 parole denials his claims are time-barred. Petitioner's state application for habeas corpus relief did not operate to toll the limitations period, because it was filed after the limitations periods had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations periods. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, the Court will turn its attention to Petitioner's challenge to the 2008 denial of parole.

## B.  Remaining Claims

### 1.  Standard of Review

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson,

230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2).

### 2. Due Process

Petitioner makes various claims that his due process rights have been violated with respect to the denial of parole. However, the United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners

cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).  It is entirely up to each State to choose whether it creates a parole system and the amount of discretion with which it entrusts its parole decision makers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole.  See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").  An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole.  See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).

Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions.  Orellana, 65 F.3d at 31. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

3.    <u>Litigation History</u>

Petitioner admits the Board of Pardons and Paroles has a policy prohibiting the consideration of litigation in the parole review process. Pet. Memo. at 4 ¶ 20. Nevertheless, Petitioner believes his litigation history was used and considered in violation of Board policy. <u>Id.</u> at ¶ 21. Petitioner asserts a "review of Petitioner's moves and parole denials and other retaliatory initiated by prison and parole employees will show a pattern of such things happening." <u>Id.</u> at ¶ 22.

Petitioner merely speculates that he has been denied parole due to his litigation history. He fails to show that the denial of parole was founded upon any protected activity. <u>See</u> <u>Johnson</u>, 110 F.3d at 311 n. 16 (noting that "because it is the prisoner who bears the burden of proving a constitutional violation, it is the prisoner who must demonstrate the protected character, including non-frivolity, of prior lawsuits in which he was involved."). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus (Document 1) be dismissed with prejudice in part, to the extent the application is time-barred, and denied in part on the merits. It is further recommended that Petitioner's Request for Hearing or Court Inquiry (Document 28) be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE